LOTTINGER, Chief Judge.
This is a child custody dispute wherein the plaintiff-in-rule, Brenda Brown Jewell, filed a “Petition For Contempt For Violation Of Visitation Rights” alleging that defendant-in-rule, J. Lubin Jewell, III, refused to return the minor child, Gaylon Tiffany Jewell [1] after *764 a scheduled visitation. From a judgment finding Lubin Jewell not in contempt of court but ordering the return of Gaylon Jewell to her mother as well as awarding attorney’s fees and costs in favor of plaintiff-in-rule, Lubin Jewell appeals.
FACTS
Lubin and Brenda Jewell were divorced on July 20, 1989. In addition to granting a divorce, the judgment also awarded joint custody of two minor children, Gaylon Tiffany Jewell and Tana Marie Jewell, to both parents with Brenda Jewell as the domiciliary parent and designated visitation dates to Lu-bin Jewell. The petition for contempt alleges that when Brenda Jewell went to pick up Gaylon on July 16, 1992, no one was home, and on inquiry she was informed that Gaylon was not returning to the home of petitioner.
In her petition, Brenda Jewell, in addition to asking for a contempt finding, prayed that Gaylon be ordered returned to her and for attorney’s fees and costs.
At the hearing on the contempt rule neither party testified, but the court was informed by Mr. Jewell’s counsel that the reason the child was not returned was because the child did not want to return to her mother’s house. Further, Mr. Jewell conferred with a psychologist who was familiar with the child, and the psychologist instructed Mr. Jewell not to return the child.
TRIAL COURT
The trial judge refused to hold Mr. Jewell in contempt because he was acting on the advice of a psychologist. The court did, however, order the immediate return of the child to her mother. In oral reasons for judgment, the trial judge did not mention attorney’s fees or costs.
ASSIGNMENT OF ERROR
In appealing Mr. Jewell contends the trial court erred when it awarded Brenda Jewell attorney’s fees without statutory or contractual authority when the defendant-in-rule was found not in contempt of court and the issue of attorney’s fees was not addressed at the hearing nor ruled upon during the hearing.
I
La.R.S. 9:375 in part provides:
B. When the court renders judgment in an action to enforce child visitation rights it shall, except for good cause shown, award attorney’s fees and costs to the prevailing party.
This statutory authority for the awarding of attorney’s fees does not mention “contempt,” but rather refers to “an action to enforce child visitation rights.” One may seek to infer that “an action to enforce child visitation rights” is the same as a contempt rule for failure to comply with visitation provisions in a court order or judgment, but simply, the statute does not speak in those terms. What the statute does provide for is that “in an action to enforce child visitation rights it shall, except for good cause shown, award attorney’s fees and costs to the prevailing party.”
Since the advent of the award of attorney’s fees in the enforcement of child support matters with the enactment of Act 326 of 1979, the courts have consistently taken the position that the award of attorney’s fees is a discretionary call on the part of the trial judge. That position did not change with the enactment of Act 156 of 1981 providing for the award of attorney’s fees in an action to enforce child visitation rights.
II
Mr. Jewell argues that because he was not found in contempt he prevailed and attorney’s fees should not have been awarded. As discussed above, a finding of contempt is not required by La.R.S. 9:375 B in order to award attorney’s fees.
The trial judge apparently felt that because Mr. Jewell acted on the advice of a psychologist, however flawed that advice may have been, he would not find him in contempt. Though Mr. Jewell is correct that he prevailed on the contempt rule, Mrs. Jewell prevailed in having the child returned to her, and that is the essence of La.R.S. 9:375 B.
*765 We must, however, assume that because attorney’s fees were awarded in the judgment, which controls vis a vis reasons for judgment, the trial judge concluded that the advice of a psychologist was not “good cause” for violating the original custody judgment. We find no error in the judgment of the trial court.
Ill
This court notes that if appellant felt the trial judge never intended to award attorney’s fees and did so in error, the utilization of a motion for a new trial would have been much easier and less expensive than an appeal.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. The minor child's first name is spelled both as Gaylon and Galen in the record. In the original divorce-custody judgment of July 20, 1989, it is spelled Gaylon, as well as in the “Petition For Contempt For Violation Of Visitation Rights." However, in the judgment appealed from it is spelled Galen.